# EXHIBIT "B"

12/30/2020 10:21 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-007782
Victoria Benavides

CAUSE N° D-1-GN-20-007782

| | | |
|---|---|---|
| STEPHEN WILLIAMS, | § | In the DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | of TRAVIS COUNTY, TEXAS |
| | § | |
| J.B. HUNT TRANSPORT, INC.; J.B. HUNT, | § | |
| LLC; J.B. HUNT GAS & OIL DRILLING, | § | |
| LLC; J.B. HUNT; and KEVIN FAVANT, | § | |
| | § | |
| | § | 201st |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE & REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **STEPHEN WILLIAMS**, Plaintiff herein, complaining of **J.B. HUNT TRANSPORT, INC.; J.B. HUNT, LLC; J.B. HUNT GAS & OIL DRILLING, LLC; J.B. HUNT, and KEVIN FAVANT**, Defendants herein, and for cause of action respectfully shows the Court as follows:

### I.
### Discovery

Plaintiff affirmatively pleads that discovery should be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### Parties

A.    Plaintiff **STEPHEN WILLIAMS** is a resident of Belton, Texas.

B.    Defendant **J.B. HUNT TRANSPORT, INC.** is a business entity registered to transact business in the State of Texas which may be served with process herein by service upon

its Registered Agent:

**Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701**

**Service of process is requested by private process as authorized by this Court**

C.  Defendant **J.B. HUNT, LLC,** is a foreign corporation that, on the occasion in question, was conducting business in the State of Texas and therefore is subject to the long-arm jurisdiction of this Court.  Specifically, Defendant **J.B. HUNT, LLC,** is a non-resident that, at the time of the incident in question, was conducting business in this state by committing a tort in the State of Texas.  TEX. CIV. PRAC. & REM. CODE § 17.041-.042. Defendant **J.B. HUNT, LLC,** does not maintain a regular place of business in this state and has not designated or maintained a resident agent for service of process.  This action, of which Defendant **J.B. HUNT, LLC,** is a party, arises out of the business Defendant **J.B. HUNT, LLC,** performed in this state. Therefore, the **Texas Secretary of State, P.O. Box 12887, Austin, Texas 78711-2887,** is the agent of service of process for Defendant **J.B. HUNT, LLC.**   TEX. CIV. PRAC. & REM. CODE §17.044(b).  This Defendant's name and home office address are as follows:

**J.B. HUNT, LLC, 5100 JB Hunt Drive, Suite 1000, Rogers, Arkansas 72758.**

D.  Defendant **J.B. HUNT GAS & OIL DRILLING, LLC,** is a business entity registered to transact business in the State of Texas which may be served with process herein by service upon its Registered Agent:

**CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**

**Service of process is requested by private process as authorized by this Court**

E.  Defendant **J.B. HUNT** is a business entity registered to transact business in the State of Texas which may be served with process herein by service upon its Registered Agent:

Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701

**Service of process is requested by private process as authorized by this Court**

**J.B. HUNT** has been sued in its assumed or common name. **TEX. R. CIV. P. 28.**

F.  Defendant **KEVIN FAVANT** is a non-resident of the State of Texas who was involved in a motor vehicle collision while operating a vehicle in the State of Texas.  Said motor vehicle collision forms the basis of this lawsuit.  Pursuant to **TEX. CIV. PRAC. & REM. CODE §17.062**, the Chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident in any suit against the person that grows out of a collision or accident in which the person was involved while operating a motor vehicle in this state.  Service on the Chairman has the same effect as personal service on the nonresident.  Therefore, Plaintiff requests that service of process be had on Defendant **KEVIN FAVANT** by serving the following:

**J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, 125 East 11th Street Austin, Texas 78701**

Immediately after being served, the Chairman by properly addressed letter shall mail to the nonresident:

(1)  a copy of the process;  and

(2)  notice that the process has been served on the Chairman.

The notice and copy of the process must be sent to the nonresident or agent by registered mail, or by certified mail, return receipt requested, with the postage prepaid.  The Defendant's address is:

**KEVIN FAVANT,  24 Lee Road 554, Phenix City, Alabama 36867**

**Service of process is requested by private process as authorized by this Court.**

### III.
### Misnomer, Alter-Ego, Assumed Name

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.
### Conditions Precedent

Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the case at bar.

### V.
### Venue

Venue is proper in Travis County pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this cause of action occurred in Travis County, Texas.

### VI.
### Factual Allegations

On or about the 28th day of January, 2019, there was a collision between the vehicle driven by Defendant KEVIN FAVANT and the vehicle driven by Plaintiff STEPHEN WILLIAMS. The collision occurred at or near the intersection of East Ben White Road and Todd Lane in Austin, Travis County, Texas, when Defendant KEVIN FAVANT failed to stop and yield the right of way at a red light, causing the crash in question.

At all times material, Defendant KEVIN FAVANT was in the course and scope of his employment/agency with J.B. HUNT TRANSPORT, INC.; J.B. HUNT, LLC; J.B. HUNT GAS & OIL DRILLING, LLC; J.B. HUNT (hereinafter collectively referred to as "The J.B. HUNT DEFENDANTS").

The collision occurred suddenly and without warning as a proximate result of

Defendants' negligence (as more fully described hereinafter).  As a proximate result of the aforementioned collision, Plaintiff was caused to suffer serious and permanent injuries and damages as hereinafter described.

**VII.**
**Negligence**

Plaintiff contends that, on the occasion in question, Plaintiff's injuries and damages were proximately caused by the negligent acts and/or omissions of the Defendant KEVIN FAVANT, because this Defendant violated the duty, which he owed to Plaintiff, to exercise ordinary care in the operation of a motor vehicle in at least the following particulars:

1. Failing to yield the right of way from a red light, such as a person of ordinary care would have done under the same or similar circumstances;

2. Failing to keep a proper lookout, such as a person of ordinary care would have kept in the same or similar circumstances;

3. Failing to maintain proper control of the vehicle such as a person of ordinary care would have done in the same or similar circumstances;

4. Failing to timely and properly apply the brakes of the vehicle in order to avoid the collision, as a person of ordinary care would have done under the same or similar circumstances;

5. Failing to drive a motor vehicle at a rate of speed that was safe and prudent under the circumstances then existing, as a person of ordinary care would have done under the same or similar circumstances;

6. Failing to turn the vehicle in a manner so as to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances;

7. Failing to operate a vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances;

8. Failing to abide by, and adhere to, applicable traffic laws, including Texas Transportation Code §545.151, such as a person of ordinary care would have done under the same or similar circumstances;  and

9. Failing to drive as a reasonable, prudent person would have driven under the same or similar circumstances.

Each of the foregoing negligent acts and omissions, whether taken singularly or in combination, were the proximate causes of the collision made the basis of this cause of action, the injuries suffered by Plaintiff, and the damages sustained by Plaintiff, which are hereinafter described with more particularity.

## VIII.
## THE J.B. HUNT DEFENDANTS WERE NEGLIGENT/RESPONDEAT SUPERIOR

The J.B. HUNT DEFENDANTS were the owners of and/or the lessees of the vehicle driven by Defendant FAVANT. At all times material to this lawsuit, Defendant FAVANT was an employee and/or agent of the J.B. HUNT DEFENDANTS, and, at all times material, was acting within the course and scope of his employment/agency with the J.B. HUNT DEFENDANTS. Consequently, the J.B. HUNT DEFENDANTS are vicariously liable to Plaintiff for the negligent conduct of Defendant FAVANT under the theory of *respondeat superior*. In the alternative, the J.B. HUNT DEFENDANTS are vicariously liable to Plaintiff for the negligent conduct of Defendant FAVANT under the Borrowed-Servant Doctrine, because the J.B. HUNT DEFENDANTS had the right to control Defendant FAVANT's actions.

The independent conduct of the J.B. HUNT DEFENDANTS constitutes negligence as that term is known in law. The J.B. HUNT DEFENDANTS owed a duty to the public to hire, supervise, and train employees/agents and/or borrowed-servants to perform their jobs without injuring others. By committing the negligent acts enumerated below, the J.B. HUNT DEFENDANTS have breached that duty. Such negligent acts or omissions include, but are not limited to the following:

a.      negligently hiring and/or retaining Defendant FAVANT;

b.      negligently retaining Defendant FAVANT;

c.      negligently entrusting a vehicle to Defendant FAVANT;

d.      failing to properly train Defendant FAVANT; and

e.      failing to properly supervise Defendant FAVANT.

Additionally, The J.B. HUNT DEFENDANTS entrusted a vehicle over which J.B. HUNT DEFENDANTS had control to Defendant FAVANT. Defendant FAVANT was an incompetent or reckless driver who was driving while using a portable electronic device. J.B. HUNT DEFENDANTS knew or should have known that Defendant FAVANT was an incompetent or reckless driver who was driving while using a portable electronic device. As noted above, Defendant FAVANT was negligent on the occasion in question. Therefore, J.B. HUNT DEFENDANTS negligently entrusted a vehicle to Defendant FAVANT.

One, some, or all of the foregoing acts and/or omissions or others on the part of J.B. HUNT DEFENDANTS constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## IX.
## Damages

Plaintiff alleges that as a direct and proximate result of the conduct, and/or negligent acts and/or omissions of Defendants, Plaintiff is entitled to recover at least the following legal damages:

1.  Reasonable and necessary medical care expenses incurred in the past;

2.  Reasonable and necessary medical care expenses which, in all reasonable probability, will be incurred in the future;

3.  Physical pain and mental anguish sustained in the past;

4.  Physical pain and mental anguish which, in all reasonable probability, will be sustained in the future;

5.  Loss of earning capacity in the past;

6. Loss of earning capacity which, in all reasonable probability, will be sustained in the future;

7. Physical impairment suffered in the past;

8. Physical impairment, which in all reasonable probability, will be suffered in the future;

9. Physical disfigurement, if any, suffered in the past; and

10. Physical disfigurement, if any, which, in all reasonable probability, will be suffered in the future.

Accordingly, Plaintiff sues for damages within the jurisdictional limits of the Court. Plaintiff asks the amount of the verdict and damages be determined by the trier of fact, be that Judge or Jury. Plaintiff asks the trier of fact award a fair and reasonable amount based on the evidence presented at trial. Plaintiff leaves the amount of that verdict to the discretion of the trier of fact. The Texas Rules of Civil Procedure require Plaintiff to plead that this case falls under a particular category as outlined by the Texas Rules of Civil Procedure. In order to comply with this procedural requirement and to accommodate any potential verdict that could be awarded by the trier of fact, Plaintiff hereby pleads and places this case into the category of suits seeking relief between $250,000.00 to $1,000,000.00, including damages, penalties, costs, expenses, and pre-judgment interest. Plaintiff hereby further demands judgment for all relief to which he is justly entitled.

## X.
## Costs and Interest

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## XI.
### U.S. Life Tables

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.
### Notice Pursuant to Texas Rules of Civil Procedure, Rule 193.7

Plaintiff hereby puts Defendants on notice that any and all documents produced by Defendants in discovery can and will be used against Defendants in any pre-trial hearing or at the trial of this matter.

## XIII.
### Requests for Disclosure

Under the authority of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that each Defendant disclose, within fifty (50) days of the service of this petition and request, the information or material described in RULES 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), and (l) of the TEXAS RULES OF CIVIL PROCEDURE.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof, Plaintiff recover:

1. Damages, actual, special, general, and otherwise, in an amount within the Court's jurisdictional limits;

2. All Costs of Court;

3. Both pre-judgment and post-judgment interest at the maximum legal rate; and

4. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,


**WAYNE WRIGHT, L.L.P.**

**5707 Interstate Ten West**
**San Antonio, Texas 78201**
Telephone:  (210) 734-7077
Facsimile:  (210) 734-9965

By: _____

**DONALD L. CROOK, JR.**
**State Bar No. 00783901**
**dcrook@waynewright.com**

**MITCHELL L. GINSBURG**
**State Bar No. 00790765**
**mginsburg@waynewright.com**

**ATTORNEY FOR PLAINTIFF**

## CAUSE Nº _____

| | | |
|---|---|---|
| STEPHEN WILLIAMS, | § | In the DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | of TRAVIS COUNTY, TEXAS |
| | § | |
| J.B. HUNT TRANSPORT, INC.; J.B. HUNT, | § | |
| LLC; J.B. HUNT GAS & OIL DRILLING, | § | |
| LLC; J.B. HUNT; and KEVIN FAVANT, | § | |
| | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT KEVIN FAVANT

**TO:   Defendant KEVIN FAVANT by personal service with the Citation and Petition herein.**

"Instructions:' The undersigned party propounds the attached Interrogatories (questions) to you under the provision of Rule 197 of the Texas Rules of Civil Procedure.  These questions are being served on you and answers to the interrogatories should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be served on the first business day after the expiration of fifty (50) days from the date these questions were served on you, and that the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge.  If you cannot answer the interrogatory in full after exercising due diligence to secure the information,

so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

The questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the interrogatories below.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

Additionally, Plaintiff requests the Defendant produce the below-listed items pursuant to Rule 196, of the Texas Rules of Civil Procedure.

You are hereby requested to produce the below-listed items for inspection, photographing, and copying at Wayne Wright, LLP 5707 Interstate Ten West, San Antonio, Texas 78201.  You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed.  Response to the Requests, to the extent possible, shall be made in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page.  You are advised that pursuant to Rule 196, a response to this Request shall be served within fifty (50) days after service of this request.

As used herein, the following terms shall have meaning indicated below:

1.     **"Person"** means natural persons, corporations, partnerships, sole proprietorships, union, associations, federation or any other kind of entity.

2.     **"His"** or **"He"** means his, he, hers, she, or it and is meant to be gender neutral.

3.   **"Documents"** means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspapers articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such materials if you do not have custody or control of the original.  If any document requested to be identified was but is no longer in you possession or control or is not longer in existence, state whether it is:

    a.   Missing or lost;

    b.   Destroyed;

    c.   Transferred voluntarily or involuntarily to others, and, if so, to whom; or

    d.   Otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof. State the approximate date thereof and describe its contents.

4.   **"You"** and **"Your"** shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

5.   **"Health care provider(s)"** means all doctors, physicians, surgeons, chiropractors, osteopaths, psychiatrists, psychologists, counselors, physiologist, physical therapist, nutritionists, podiatrists, dentist, nurses, occupational therapists, vocational rehabilitationists, massage therapists, clinics, laboratories, pharmacies, and or any other licensed or unlicensed practicing or non-practicing members of the health care field, healing arts, or any other institutions that are licensed or unlicensed that have rendered any type or kind of physical or mental health care treatment related to the injuries in this case.

6.   **"Photograph"** means any picture, representation, computer generated image, image, graphic representation, computer or electronic reproduction, either still or moving, obtained by any process of the art or practice of producing images of objects, places or persons upon a photosensitive surface by the chemical action of light or other radiant energy, or upon any other medium by electricity, magnetic, chemical, imprintation or engraving.

7.   **"Identify"** a document.   In each questions wherein you are asked to **identify a document**, state with respect to each such document if a copy thereof is not attached to your answers as follows:

    a.   The identity of the person who signed it or over whose name it was issued;

b. The identity of the person or persons to whom it was addressed;

c. The identity of the person who prepared it;

d. The title and substance of the document with sufficient particularity to enable the same to be identified;

e. The date of the document;

f. The date the document was executed or prepared, if different from the date it bears;

g. If the document or a copy of it is not in your custody or control, the identity of the person who has control or custody of it or a copy of it.

8.     In each question wherein you are asked to **identify a person**, state with respect to such person as follows:

a. his or her full name, and any other names or nicknames the person has gone by;
b. his or her last known address and phone number;
c. the name and address of his or her employer;
d. his or her title.

9.     If the person to be **identified** is not a natural person (e.g. a corporation) give its name and address and principal business activity.

10.    The terms **"incident," "incident in question," "collision," "collision in question,"** **"accident," and "accident in question"** refer to incident made the basis of this lawsuit as described more fully in Plaintiff's Original Petition and any amendments or supplements thereto.

11.    The term **"vehicles in question"** refer to any vehicle involved in the collision made the basis of this suit.

12.    The term **"J.B. HUNT DEFENDANTS"** refers to Defendants J.B. HUNT TRANSPORT, INC.; J.B. HUNT, LLC; J.B. HUNT GAS & OIL DRILLING, LLC; J.B. HUNT, individually and collectively.

If you object to attaching any requested documents to your answers, or if you object to

identifying any person as hereinabove defined, or if you feel that a court order should be

obtained by this party, please so state in your responses.

Notice is hereby given that pursuant to Texas Rule of Civil Procedure 193.4, this party will object to any attempt to produce or introduce material or information withheld from discovery under a claim of privilege or objection at any hearing or trial unless the material or document has been previously produced in response to discovery.

### Plaintiff's Request for Description of Withheld Material or Information

Pursuant to Rule 193.3(b), please provide a description (including a privilege log) of all withheld material or information from the following Requests for Production within fifteen (15) days of Defendant's Responses to Plaintiff's Requests for Production.

Respectfully submitted,

**WAYNE WRIGHT, L.L.P.**

**5707 Interstate Ten West**
**San Antonio, Texas 78201**
Telephone: (512) 444-0400
Facsimile: (512) 322-9784

By: _____

DONALD L. CROOK, JR.
State Bar No. 00783901
dcrook@waynewright.com

MITCHELL L. GINSBURG
State Bar No. 00790765
mginsburg@waynewright.com

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has served on Defendant by personal service with the Citation and Petition herein.

_____
**DONALD L. CROOK, JR.**

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

Please state the following personal information:

     a.     Full name, including any nicknames or other names you have been known by in the past;
     b.     Current residential address and telephone number;
     c.     Current place of employment and telephone number;
     d.     Date and place of birth;
     e.     Marital status;
     f.     Driver's license number, including any restrictions;
     g.     Social Security Number; and
     h.     Educational background.

## **ANSWER:**

## **INTERROGATORY NO. 2:**

Please state in reverse chronological order:

     a.     The name and address of each of your employers for the last 10 years;
     b.     Your principal duty for each of your employers for the last 10 years;
     c.     The reason you left each of your employments for the last 10 years; and
     d.     The rate and method by which you were compensated by each of your employers for the last 10 years.

## **ANSWER:**

## **INTERROGATORY NO. 3:**

Please provide your version of how the incident in question occurred. Please state your recollection of how the collision forming the basis for this lawsuit occurred. Please include in our description all actions or movements you witnessed the Plaintiff's vehicle make prior to and after the collision.

## **ANSWER:**

**INTERROGATORY NO. 4:**

Please state the following:

a.       The address of the location, including the city and state, from which you departed at the beginning of the trip in question;

b.       The date and <u>exact</u> time you departed from said city and state on the trip in question;

c.       The name and proper description of each road or highway traveled by you from said city and state on the trip in question;

d.       The name of each city in which you purchased fuel on the trip in question and the date and approximate hour when you purchased fuel at each such city; and

e.       The name, address and telephone number of the person by whom you were dispatched on the trip in question.

**ANSWER:**

**INTERROGATORY NO. 5:**

For the period of time between January 27, 2019, and January 29, 2019, inclusive, when you were not driving, please provide the following information:

a.       Where each such period when you were not driving occurred including the name of the city and state where each such off duty period occurred; and

b.       The date and exact period of time when each such off duty period commenced and ended, such as date and time of day, until date and time of day, identifying a particular off duty period with a particular city and state.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please state the following:

a.       The date and <u>exact</u> time you arrived in Austin, Texas, on the trip in question;

b.       The name and address and relationship to you, if any, of the persons and/or businesses with whom you interacted in Austin, Texas, during the trip in question;

c.      The name and address of the owner of the residence or business where you slept before or during your arrival in Austin, Texas, during the trip in question; and

d.      The date, place, and exact time where you originated from when you departed for Austin, Texas, during the trip in question.

e.      Please state the address, including the city and state, where you slept for any period of time between the dates of January 27, 2019, and January 29, 2019, inclusive. For each such period of sleep, please indicate the exact time period covered.

**ANSWER**

**INTERROGATORY NO. 7:**

Please state in alphabetical order:

a.      The name of each state in the United States that has ever issued you an operator's or driver's license of any sort;

b.      The license number of each operator's or driver's license issued to you at **any** time by any state in the United States, identifying each license number with a particular state; and

c.      For each driver's or operator's license issued to you at any time by any state in the United States, please indicate whether that license is current, revoked, suspended or expired.

**ANSWER:**

**INTERROGATORY NO. 8:**

Other than as a result of the collision in question, did you receive a traffic citation during the last ten (10) years? If so, please state:

a.      The date, time and place where you received any such traffic citation;

b.      A brief description of the violation of law for which you were cited, for example, speeding or illegal parking or defective equipment; and

c.      The name of the authority that issued each such traffic citation for example, Sheriff, City Police, or State Highway Patrol.

**ANSWER:**

**INTERROGATORY NO. 9:**

Were you injured in the incident in question? If so, please list generally all injuries you claim to have sustained as a result of the incident and identify the medical providers who treated you for said injuries within the first 72 hours following the collision in question. If a workers compensation claim was filed related to the injuries you sustained in the incident in question, please identify the workers compensation insurance carrier and the claim number associated with your claim.

**ANSWER:**

**INTERROGATORY NO. 10:**

Please state:

      a.      The address, including the city and state, where you either off-loaded or on-loaded freight at any time during the trip in question;

      b.      The date and <u>exact</u> time that you off-loaded or on-loaded freight at each such address, identifying each address with a particular date and <u>exact</u> time; and

      c.      The name and current address of the person, partnership or corporation that was either receiving freight from you or delivered freight to you at any time during the trip in question, identifying each person, partnership or corporation with a particular date and <u>exact</u> time.

**ANSWER:**

**INTERROGATORY NO. 11:**

When, before January 28, 2019, were you most recently medically examined and certified as qualified to drive a motor vehicle? Please state the name and address of the physician who performed the most recent medical exam of you before January 28, 2019, and certified you qualified to drive a motor vehicle?

**ANSWER:**

**INTERROGATORY NO. 12:**

Has any Regional Federal Highway Administration ever granted you a waiver of physical defect so that you might drive a motor vehicle? If so, please state:

---

**9 | P a g e**

a.      the dates you received any such waiver;

b.      the physical defect for which each such waiver was necessary; and

c.      whether or not you were operating your tractor-trailer at the time of the collision pursuant to any such waiver.

**ANSWER:**


**INTERROGATORY NO. 13:**

Was a drug and/or alcohol screen administered to you following the incident in question?  If the answer is "yes" please identify the facility where said drug and/or alcohol screen was administered, the date of said screen and state the results of said drug and alcohol screen.  If the answer is "no" please state your understanding why a drug and alcohol screen was not performed and further state if you refused the drug and alcohol screen.

**ANSWER:**


**INTERROGATORY NO. 14:**

Please describe the route that you had driven for the seventy-two hours prior to the collision in question, including the time you left and arrived at each point along the route.

**ANSWER:**


**INTERROGATORY NO. 15:**

Please identify all mechanics, repair shops, appraisers and/or dealerships that performed maintenance, repairs, appraisals and/or inspections of the tractor/trailer you were operating on the date of the incident in question and/or its tires in the year prior to the collision in question and subsequent to the collision.  This interrogatory is limited to the vehicle you were driving at the time of the collision.

**ANSWER:**

## INTERROGATORY NO. 16:

What was your cellular telephone number on the date of the incident and which company was your cellular telephone service provider at that time?  If you had more than one cellular telephone, personal and/or company issued, with you at the time of the crash, please respond to this interrogatory for all cellular telephones in your possession at the time of the crash.

## ANSWER:

**THE STATE OF TEXAS** §
§
**COUNTY OF** _____ §

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument, and after being duly sworn, on his oath, deposed and says that the statements in the above Interrogatories are true and correct.

_____

**SWORN TO AND SUBSCRIBED** before me on this, the _____ day of _____, 2021, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS

My Commission Expires: _____

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT**

**Plaintiff only seeks documents which are in your possession, custody or control and that standard is to be presumed in each of the following requests as if specifically stated therein.** True and exact copies of documents can be produced in lieu of producing the original document.  Color copies are requested of documents which are in color.

REQUEST NO. 1:  Please produce a true and correct copy of any and all settlement sheets for loads hauled by Defendant KEVIN FAVANT from January 22, 2019 through January 29, 2019.

REQUEST NO. 2:  Please produce a true and correct copy of any and all lease agreements between Defendant KEVIN FAVANT and the J.B. HUNT DEFENDANTS for the last five years.

REQUEST NO. 3:  Please produce a true and correct copy of any and all employment agreements between Defendant KEVIN FAVANT and the J.B. HUNT DEFENDANTS for the last 5 years.

REQUEST NO. 4:  Please produce a true and correct copy of any and all trailer and equipment agreements between Defendant KEVIN FAVANT, and the J.B. HUNT DEFENDANTS for the last 5 years.

REQUEST NO. 5:  Please produce a true and correct copy of any and all daily driver vehicle inspection reports filed or prepared by Defendant KEVIN FAVANT for the time period from January 14, 2019 through January 29, 2019.

REQUEST NO. 6:  Please produce a true and correct copy of any and all repair orders and repair invoices in the possession of Defendant KEVIN FAVANT for repair of the tractor or trailer driven by Defendant KEVIN FAVANT from January 14, 2019 through January 29, 2019.

REQUEST NO. 7:  Please produce a true and correct copy of any and all fuel tax receipts for the tractor driven by Defendant KEVIN FAVANT from January 14, 2019 through January 29, 2019.

REQUEST NO. 8:  Please produce a true and correct copy of any and all reports and documents in the possession of Defendant KEVIN FAVANT by which gross receipts for the tractor owned/operated by the J.B. HUNT DEFENDANTS were reported to the various states in the United States from January 14, 2019 through January 29, 2019.

REQUEST NO. 9:  Please produce a true and correct copy of any and all of the J.B. HUNT DEFENDANTS's manuals and other company documents given by The J.B. HUNT DEFENDANTS to Defendant KEVIN FAVANT and reflecting rules and procedures which applied to Defendant KEVIN FAVANT.

REQUEST NO. 10:  Please produce a true and correct copy of any and all documents and other manuals provided by The J.B. HUNT DEFENDANTS to Defendant KEVIN FAVANT, for the orientation of new drivers at the commencement of the relationship with the J.B. HUNT DEFENDANTS.

REQUEST NO. 11:  Please produce a true and correct copy of any and all receipts or other records of payment from December 28, 2018 through January 30, 2019, by Defendant KEVIN FAVANT or the J.B. HUNT DEFENDANTS for toll bridges or toll crossings made by Defendant KEVIN FAVANT.

REQUEST NO. 12:  Please produce a true and correct copy of any and all trip reports, trip envelopes and other documents relating to individual trips filed by Defendant KEVIN FAVANT with the J.B. HUNT DEFENDANTS from December 28, 2018 through January 30, 2019.

REQUEST NO. 13:  Please produce a true and correct copy of any and all income tax returns filed by Defendant KEVIN FAVANT after 2014 to the present date.

REQUEST NO. 14:  Please produce a true and correct copy of any and all reports filed by Defendant KEVIN FAVANT with The J.B. HUNT DEFENDANTS or any other employer for "reportable accidents", as that term is defined in Section 394.3 of the Federal Motor Carrier Safety Regulations for the past 10 years.

REQUEST NO. 15:  Please produce a true and correct copy of any and all documents showing communication checks by The J.B. HUNT DEFENDANTS with Defendant KEVIN FAVANT from January 12, 2019 through February 12, 2019, including also where Defendant KEVIN FAVANT received each such communication check and when.

REQUEST NO. 16:  Please produce a true and correct copy of any and all of the Defendant KEVIN FAVANT's records of duty status or "Daily Logs" filed or prepared by Defendant KEVIN FAVANT and/or The J.B. HUNT DEFENDANTS from January 12, 2019 through February 12, 2019.

REQUEST NO. 17:  Please produce a true and correct copy of any and all of The J.B. HUNT DEFENDANTS' dispatch logs for Defendant KEVIN FAVANT for trips dispatched of Defendant KEVIN FAVANT by The J.B. HUNT DEFENDANTS from January 12, 2019 through February 12, 2019

REQUEST NO. 18:  Please produce a true and correct copy of any and all documents reflecting the names, addresses and telephone numbers of all shops and garages located in the United States where maintenance and/or inspection was performed on The J.B. HUNT DEFENDANTS' tractor and equipment involved in the accident made basis of this lawsuit for the past 5 years.

REQUEST NO. 19:  Please produce a true and correct copy of any and all documents, books, records and papers in the possession of Defendant KEVIN FAVANT and/or The J.B. HUNT DEFENDANTS pertaining to the physical and mental health of Defendant KEVIN FAVANT, including but not limited to, any long form physical examination of Defendant KEVIN FAVANT done for any purpose in accordance with Section 391.4 of the Federal Motor Carrier Safety Regulations.

REQUEST NO. 20:  Please produce a true and correct copy of any and all bills of lading and other shipping documents for loads hauled by Defendant KEVIN FAVANT for The J.B. HUNT DEFENDANTS from January 12, 2019 through February 12, 2019.

REQUEST NO. 21:  Please produce a true and correct copy of any and all operator and/or commercial license(s) for Defendant KEVIN FAVANT, issued at any time by any licensing authority and permitting him to operate a motor vehicle of any type, whether in force, expired or revoked by the issuing authority.

REQUEST NO. 22:  Please produce a true and correct copy of any and all documents reflecting The J.B. HUNT DEFENDANTS' procedures for communication between The J.B. HUNT DEFENDANTS and Defendant KEVIN FAVANT, while he was hauling for The J.B. HUNT DEFENDANTS prior to January 29, 2019.

REQUEST NO. 23:  Please produce a true and correct copy of any and all documents reflecting The J.B. HUNT DEFENDANTS' procedures for determining when Defendant KEVIN FAVANT would load, where he would load and to what place he would haul.

REQUEST NO. 24:  Please produce a true and correct copy of any and all records in the possession of Defendant KEVIN FAVANT from The J.B. HUNT DEFENDANTS's central dispatch office and from any local or regional dispatch office for The J.B. HUNT DEFENDANTS reflecting dispatches by The J.B. HUNT DEFENDANTS to Defendant KEVIN FAVANT from January 12, 2019 through February 12, 2019.

REQUEST NO. 25: Please produce a true and correct copy of any and all records and recordings by tachograph, speedograph or other recording devices reflecting information regarding the operation from January 12, 2019 through February 12, 2019, for the tractor operated by

Defendant KEVIN FAVANT, including but not limited to information about the date, time and rate of speed of the tractor operated by Defendant KEVIN FAVANT.

REQUEST NO. 26: Please produce a true and correct copy of any and all of Defendant KEVIN FAVANT's qualification files and personnel files maintained for Defendant KEVIN FAVANT by The J.B. HUNT DEFENDANTS or with any other motor carrier within the past ten years.

REQUEST NO. 27: Please produce a true and correct copy of any all records reflecting the reimbursement of Defendant KEVIN FAVANT by The J.B. HUNT DEFENDANTS for expenses advanced by Defendant KEVIN FAVANT in pursuit of The J.B. HUNT DEFENDANTS' business from January 12, 2019 through February 12, 2019.

REQUEST NO. 28: Please produce a true and correct copy of any and all reports of violation filed by Defendant KEVIN FAVANT with any motor carrier, at any time, in compliance with Section 391.27(a) of the Federal Motor Carrier Safety Regulations.

REQUEST NO. 29: Please produce a true and correct copy of any and all gasoline credit cards and other documents utilized by Defendant KEVIN FAVANT for the purchase of fuel while hauling for The J.B. HUNT DEFENDANTS from January 12, 2019 through February 12, 2019, including but not limited to receipts for credit card purchases of fuel by Defendant KEVIN FAVANT.

REQUEST NO. 30: Please produce a true and correct copy of any and all records for the inspection, repair and maintenance in the possession of Defendant KEVIN FAVANT that were done, made or compiled by Defendant KEVIN FAVANT or by others for the tractor and trailer driven and pulled by Defendant KEVIN FAVANT from January 12, 2019 through February 12, 2019, in compliance with Section 396.3 of the Federal Motor Carrier Safety Regulations.

REQUEST NO. 31: Please produce a true and correct copy of any and all applications for employment filed by Defendant KEVIN FAVANT with any person, partnership or corporation since 2014.

REQUEST NO. 32: Please produce a true and correct copy of any and all cellular telephone records for cellular telephone(s) utilized by Defendant KEVIN FAVANT from January 12, 2019 through January 30, 2019, to place calls to The J.B. HUNT DEFENDANTS.

REQUEST NO. 33: Please produce a true and correct copy of any and all documents reflecting correspondence between Defendant KEVIN FAVANT and any issuing authority for operation and/or commercial license for Defendant KEVIN FAVANT for motor vehicles for the past ten years.

REQUEST NO. 34:   Please produce a true and correct copy of any and all drawings, photographs, pictures, video tapes and any other types of visual representation made or in the possession of Defendant KEVIN FAVANT concerning the incident of January 28, 2019.

REQUEST NO. 35:  Please produce a list with the names, addresses and telephone numbers of all persons, partnerships or corporations, who have contended in a lawsuit filed at any time, that they have been injured or damaged in a collision with a tractor-trailer driven or operated by Defendant KEVIN FAVANT and who have also contended in any such lawsuit that at the time of the collision the Defendant KEVIN FAVANT was ill or was fatigued or was operating in violation of Section 395.3 of the Federal Motor Carrier Safety Regulations.

REQUEST NO.36.   All documents identified, described and/or referenced in Defendant's Responses to Plaintiff's First Set of Interrogatories.

REQUEST NO.37.   All witness statements which have not been produced in response to Request for Disclosure.

REQUEST NO.38.   All governmental reports relating to the incident in question.  An example of such a report would be the Texas Peace Officer's Crash Report.

REQUEST NO.39.   All repair estimates which document the damage done to any of the vehicles involved in the incident in question.

REQUEST NO.40.   All photographs of the vehicles involved in the collision in question, including photographs taken before the collision, after the collision or after said vehicles have been repaired.

REQUEST NO.41.   All photographs/videos taken of the incident and/or at the scene of the incident.

REQUEST NO.42.   All photographs/videos which show the location of the incident.

REQUEST NO.43.   All photographs/videos of any personal injuries suffered by any person involved in the incident.

REQUEST NO.44.   All surveillance photographs/video of the Plaintiff.

REQUEST NO.45.   All Depositions on Written Questions of which your attorney is the custodial attorney, including all exhibits and attachments.

REQUEST NO.46.   All audits of Plaintiff's medical records/medical bills which were performed by a testifying expert or any person signing a controverting affidavit in this matter.

REQUEST NO.47.   All medical records and medical billing records of Plaintiff.

REQUEST NO.48.   All notices of liens or subrogation interests which have been placed on Plaintiff's cause of action.

REQUEST NO.49.   All medical records of the Defendant for medical treatment received on the date of the incident.

REQUEST NO.50.   All cellular telephone records or cellular telephone billing records of the Defendant from the date of the incident.  In lieu of producing the records, Defendant is asked to sign the attached Authorization allowing Plaintiff's Counsel to obtain said records.

REQUEST NO.51.   Copies, printouts or screenshots of all postings made by you on Facebook, Instagram, Twitter, MySpace, Flickr, Tumblr, Four Square and/or LinkedIn which mention the incident including postings which were made in the form of text, photographs or videos.

REQUEST NO.52.   All Documents which you allege can be used to impeach Plaintiff or any person listed as having knowledge of relevant facts.

REQUEST NO.53.   All documents which you allege support your contention that Plaintiff failed to mitigate damages.

REQUEST NO. 54.   All documents which you allege support your contention that Plaintiff had preexisting conditions relating to the parts of the body Plaintiff claims were injured in the incident.

REQUEST NO.55.   A copy, front and back, of your driver's license.

REQUEST NO.56.   All estimates and receipts for repair or mechanical work done on the vehicle which you were driving at the time of the incident which are dated within one (1) year of the incident.

REQUEST NO.57.   All receipts for tires which were purchased for the vehicle you were driving at the time of the incident which are dated within one (1) year of the incident.

REQUEST NO.58.   All police reports for accidents in which you were involved as a driver within the five (5) years prior to the incident.

REQUEST NO. 59.   If you are currently on probation or parole in relation to a conviction for a felony or a crime of moral turpitude, all documents which delineate the terms of your probation or parole.

REQUEST NO. 60.   All Reservation of Rights letters provided to you by your insurer related to insurance coverage in this matter.

REQUEST NO. 61.   All medical records which you allege show medical treatment received by the Plaintiff which was not reasonable and/or necessary to treat the injuries Plaintiff alleges were

caused in the incident.

REQUEST NO. 62.    All of Plaintiff's medical bills which you allege show charges for medical treatment received by the Plaintiff which were not usual and/or customary in the area where the treatment was provided.

REQUEST NO.63.    All documents you may contend show contributory negligence on the part of Plaintiff or that Plaintiff was solely negligent in causing the collision underlying the incident in question.

REQUEST NO. 64.    A copy of the title to the vehicle that Defendant was driving at the time of the incident

REQUEST NO. 65.    All video recordings that were made by the investigating law enforcement agency which are related to the incident.

REQUEST NO. 66.  Please produce a copy of your driving record from the Texas Department of Public Safety.

REQUEST NO. 67.  Please produce a copy of any documents, video or audio recordings, or other tangible items which you or your attorneys have received through an Open Records Request to any governmental agency.

REQUEST NO. 68. Please produce a copy of any report generated as a result of a drug and/or alcohol screen administered to you following the incident in question.

## CAUSE N° _____

| | | |
|---|---|---|
| STEPHEN WILLIAMS, | § | In the DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | of TRAVIS COUNTY, TEXAS |
| | § | |
| J.B. HUNT TRANSPORT, INC.; J.B. HUNT, | § | |
| LLC; J.B. HUNT GAS & OIL DRILLING, | § | |
| LLC; J.B. HUNT; and KEVIN FAVANT, | § | |
| | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANTS J.B. HUNT TRANSPORT, INC.; J.B. HUNT, LLC; J.B. HUNT GAS & OIL DRILLING, LLC; AND J.B. HUNT

---

**TO:** DEFENDANTS **J.B. HUNT TRANSPORT, INC.; J.B. HUNT, LLC; J.B. HUNT GAS & OIL DRILLING, LLC;** AND **J.B. HUNT by service with the Citation and Petition herein.**

"Instructions:' The undersigned party propounds the attached Interrogatories (questions) to you under the provision of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on you and answers to the interrogatories should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be served on the first business day after the expiration of fifty (50) days from the date these questions were served on you, and that the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

---

In answering these questions, furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer the interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

The questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

Additionally, Plaintiff requests the Defendant produce the below-listed items pursuant to Rule 196, of the Texas Rules of Civil Procedure.

You are hereby requested to produce the below-listed items for inspection, photographing, and copying at Wayne Wright, LLP 5707 Interstate Ten West, San Antonio, Texas 78201. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. Response to the Requests, to the extent possible, shall be made in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page. You are advised that

pursuant to Rule 196, a response to this Request shall be served within fifty (50) days after service of this request.

As used herein, the following terms shall have meaning indicated below:

1.     **"Person"** means natural persons, corporations, partnerships, sole proprietorships, union, associations, federation or any other kind of entity.

2.     **"His"** or **"He"** means his, he, hers, she, or it and is meant to be gender neutral.

3.     **"Documents"** means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspapers articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such materials if you do not have custody or control of the original. If any document requested to be identified was but is no longer in you possession or control or is not longer in existence, state whether it is:

      a.   Missing or lost;

      b.   Destroyed;

      c.   Transferred voluntarily or involuntarily to others, and, if so, to whom; or

      d.   Otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof. State the approximate date thereof and describe its contents.

4.     **"You"** and **"Your"** shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

5.     **"Health care provider(s)"** means all doctors, physicians, surgeons, chiropractors, osteopaths, psychiatrists, psychologists, counselors, physiologist, physical therapist, nutritionists, podiatrists, dentist, nurses, occupational therapists, vocational rehabilitationists, massage therapists, clinics, laboratories, pharmacies, and or any other licensed or unlicensed practicing or non-practicing members of the health care field, healing arts, or any other institutions that are licensed or unlicensed that have rendered any type or kind of physical or mental health care treatment related to the injuries in this case.

6.     **"Photograph"** means any picture, representation, computer generated image, image, graphic representation, computer or electronic reproduction, either still or moving, obtained by any process of the art or practice of producing images of objects, places or persons upon a photosensitive surface by the chemical action of light or other radiant energy, or upon any other medium by electricity, magnetic, chemical, imprintation or engraving.

7.     **"Identify"** a document.   In each questions wherein you are asked to **identify a document**, state with respect to each such document if a copy thereof is not attached to your answers as follows:

     a.   The identity of the person who signed it or over whose name it was issued;

     b.   The identity of the person or persons to whom it was addressed;

     c.   The identity of the person who prepared it;

     d.   The title and substance of the document with sufficient particularity to enable the same to be identified;

     e.   The date of the document;

     f.   The date the document was executed or prepared, if different from the date it bears;

     g.   If the document or a copy of it is not in your custody or control, the identity of the person who has control or custody of it or a copy of it.

8.     In each question wherein you are asked to **identify a person**, state with respect to such person as follows:

     a.   his or her full name, and any other names or nicknames the person has gone by;
     b.   his or her last known address and phone number;
     c.   the name and address of his or her employer;
     d.   his or her title.

9.     If the person to be **identified** is not a natural person (e.g. a corporation) give its name and address and principal business activity.

10.    The terms **"incident," "incident in question," "collision," "collision in question," "accident," and "accident in question"** refer to incident made the basis of this lawsuit as described more fully in Plaintiff's Original Petition and any amendments or supplements thereto.

11.     The term **"vehicles in question"** refer to any vehicle involved in the collision made the basis of this suit.

12.     The term **"J.B. HUNT DEFENDANTS"** refers to Defendants J.B. HUNT TRANSPORT, INC.; J.B. HUNT, LLC; J.B. HUNT GAS & OIL DRILLING, LLC; J.B. HUNT, individually and collectively.

If you object to attaching any requested documents to your answers, or if you object to identifying any person as hereinabove defined, or if you feel that a court order should be obtained by this party, please so state in your responses.

**Notice is hereby given that pursuant to Texas Rule of Civil Procedure 193.4, this party will object to any attempt to produce or introduce material or information withheld from discovery under a claim of privilege or objection at any hearing or trial unless the material or document has been previously produced in response to discovery.**

**Plaintiff's Request for Description of Withheld Material or Information**

Pursuant to Rule 193.3(b), please provide a description (including a privilege log) of all withheld material or information from the following Requests for Production within fifteen (15) days of Defendant's Responses to Plaintiff's Requests for Production.

Respectfully submitted,

**WAYNE WRIGHT, L.L.P.**

**5707 Interstate Ten West**
**San Antonio, Texas 78201**
Telephone:  (512) 444-0400
Facsimile:   (512) 322-9784

By:  _____
DONALD L. CROOK, JR.
State Bar No. 00783901
dcrook@waynewright.com

MITCHELL L. GINSBURG
State Bar No. 00790765
mginsburg@waynewright.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document has served on Defendant by personal service with the Citation and Petition herein.

**DONALD L. CROOK, JR.**

**INTERROGATORIES TO DEFENDANT J.B. HUNT TRANSPORT, INC.; J.B. HUNT, LLC; J.B. HUNT GAS & OIL DRILLING, LLC; and J.B. HUNT**

<u>INTERROGATORY NO. 1</u>:  Please state the full and complete name, address, employer and job title of the person(s) answering these interrogatories.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 2</u>:  State whether this Defendant is a common carrier, a contract carrier or a private carrier.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 3</u>:  State the full name, address and phone number of the owner of the tractor and the trailer involved in the crash made the basis of this lawsuit.  If you were not the owner of the tractor and/or trailer involved in the crash made the basis of this lawsuit, state whether the tractor and/or trailer were being operated under lease, and if so, state the full name, address and phone number of the lessor of the tractor and/or trailer.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 4</u>:  For the driver of the tractor/trailer involved in the crash made the basis of this lawsuit, please state:

    a.    his/her name, address and phone number;
    b.    the date his/her employment with you began; and
    c.    whether he/she is still in your employ, and if not, the date and reason for his termination.

If you claim that the driver of the tractor/trailer involved in the crash made the basis of this lawsuit was an independent contractor, please identify all documents which memorialize that relationship between you and the driver and further state all facts which support your contention that the driver was an independent contractor.

<u>ANSWER</u>:

INTERROGATORY NO. 5: For the driver of the tractor/trailer involved in the crash made the basis of this lawsuit, please state the following for all traffic violations and hours of service violations committed by the driver in the five (5) years prior to January 28, 2019:

    a.   description of each violation(s);
    b.   the date of each violation(s); and
    c.   the county and state in which each violation occurred

ANSWER:

INTERROGATORY NO. 6: Was any disciplinary action taken against the driver of the tractor/trailer involved in the crash made the basis of this lawsuit as a result of said crash? If so, please describe the disciplinary action. If not, please state whether disciplinary action was considered and the names of the individuals who reviewed the driver's actions, if applicable.

ANSWER:

INTERROGATORY NO. 7: Please state the name, full title and office address for your safety director.

ANSWER:

INTERROGATORY NO. 8: Was the truck involved in the crash made the basis of this suit equipped with an on-board computer or recording device? If so, describe the device and identify all disks, tapes, computer tapes and other written materials generated by use of the on-board computer and/or recording device during the trip that the driver was on at the time of the crash made the basis of this suit.

ANSWER:

INTERROGATORY NO. 9: Was the truck involved in the crash made the basis of this suit equipped with the OMNITRACS system or any other satellite tracking system? If so, list the records in your possession, custody or control regarding the truck's activities which were

generated by the OMNITRACS system or other satellite tracking system for the one month prior to the crash made the basis of this suit up to and including the day of said crash.

ANSWER:


INTERROGATORY NO. 10: Was a drug test and/or alcohol test administered to the driver of the tractor/trailer involved in the crash after the crash made the basis of this lawsuit?  If so, please state who administered each test, the exact date and time each test was administered, and the results of each test.  If not, please state why a drug test and/or alcohol test was not administered.

ANSWER:


INTERROGATORY NO. 11: Has the driver of the tractor/trailer involved in the crash made the basis of this suit ever refused to submit to a post-accident alcohol or drug test as required under 49 CFR 382.303, a random alcohol or drug test as required under 49 CFR 382.305, a reasonable suspicion alcohol or drug test as required under 49 CFR 382.307, or a follow-up alcohol or drug test as required under 49 CFR 382.311?

ANSWER:


INTERROGATORY NO. 12: Has the driver involved in the crash made the basis of this suit ever been disqualified or suspended from driving a truck while in your employ?  If so, please state the reason and when such disqualification and/or suspension occurred.

ANSWER:


INTERROGATORY NO. 13: On the date of the crash in question did you have a standard operating procedure for the investigation of crashes involving your drivers?  If so, please state what the standard operating procedure was and whether it was followed for this crash.

ANSWER:

INTERROGATORY NO. 14:Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions or whose opinions you contend should be excluded under the standards set forth in Texas Rules of Evidence Rule 702, *Robinson v. E.I. DuPont Denemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Supreme Court of Texas, United States Supreme Court or any other court which you contend extends the holding of *Robinson*.

ANSWER:


INTERROGATORY NO. 15:Pursuant to Rule 192.3(d) please state the name, address and telephone number of any person who is expected to be called to testify at trial.

ANSWER:


INTERROGATORY NO. 16:  Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, please state whether you intend to use at the trial of this cause evidence of criminal convictions, if any, of the plaintiff or any person that you have identified in response to Requests for Disclosure as a person with knowledge of relevant facts.  If so, please state the evidence of conviction that you intend to use.  In accordance with the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence, evidence of a conviction includes, but is not limited to, the name of the person convicted, the offense for which he or she was convicted, the date of such conviction, the Court of such conviction and the sentence involved.

ANSWER:

## REQUESTS FOR PRODUCTION

You are hereby requested to produce the following items:

## REQUEST NO. 1:

Please produce the following documents and items:

    a.       Pictures;

    b.       Drawings;

    c.       Photographs;

    d.       Charts;

    e.       Graphs;

    f.       Recordings;

    g.       Depictions;

    h.       Videotapes;

    i.       Computer animations; and

    j.       Visual or audio representations

in your possession or subject to your right of control that refer to or contain information relating to the liability or damage claims of the **Plaintiff** as outlined in **Plaintiff's** latest original or an amended petition filed in this cause of action, including but not limited to, those showing **Plaintiff**, those showing any of the vehicles or machinery (including all attachments) involved in the occurrence in question, those showing the location of such occurrence, or those intending to demonstrate, illustrate, or recreate any such alleged occurrence, or injuries or damages of **Plaintiff.**

## RESPONSE:

## REQUEST NO. 2:

Any documents or materials of any type concerning evidence of a conviction to be used concerning Plaintiff, any party, fact witness, or expert witness named in responsive discovery by any party. This Request incorporates and specifically refers to the names of any party, fact witness, or expert witness as if fully set forth herein. Evidence of a conviction includes, but is not limited to:

a.    Names of the person convicted;

b.    Offense for which he was convicted;

c.    Date of such conviction;

d.    Court of such conviction; and

e.    Sentence involved

(See Rule 609 (f), TEXAS RULES OF CIVIL EVIDENCE).

**RESPONSE:**

**REQUEST NO. 3:**

Copy of registration and title to the truck/tractor and/or trailer involved in the collision made the basis of this lawsuit.

**RESPONSE:**


**REQUEST NO. 4:**

All correspondence, memoranda, statements, tape recordings (or transcripts thereof), wire reports, investigation reports, close out reports, summaries or any other documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form), as well as any other tangible things which were prepared or received by you, your agents, servants, employees, or representatives, (including, but not limited to insurance carriers, adjusting companies, or investigators) before you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue in this case, which reflect the following:

a.    Any indemnity reserve relating to the claimed injuries of **Plaintiff**;

b.    Any investigation performed by you or on your behalf concerning **Plaintiff**, or any person named in responsive discovery by any party as a person with knowledge of relevant facts or as an expert, including but not limited to, photographs, recorded statements, videotapes, background, criminal, or credit record checks, surveillance, following, eavesdropping, or interviewing persons;

c.      Evaluations or analyses of the character or personality of **Plaintiff**, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;

d.      The settlement value or potential judgment of this case; and

e.      Whether some other person, party, or entity other than **Plaintiff** caused or contributed to the occurrence in question.

**RESPONSE:**


**REQUEST NO. 5:**

If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff <u>prior</u> to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings (or transcripts thereof), wire reports, investigation reports, close out reports, summaries or any other documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form) which indicate, show, support, or upon which you intend to rely concerning a good faith belief that there was a substantial chance that litigation would ensue.

**RESPONSE:**


**REQUEST NO. 6:**

Any documents or materials of any type (medical or non-medical) which indicate that KEVIN FAVANT had alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in his blood stream or urine at the time of the occurrence in question, within twenty-four (24) hours <u>before </u>the occurrence in question, and within forty-eight (48) hours <u>after</u> the occurrence in question. This request includes, but is not limited to, testing or observation done by governmental authorities or medical personnel.

**RESPONSE:**

**REQUEST NO. 7:**

Copies of all National Transportation Safety Board investigative reports regarding the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 8:**

For six months preceding the subject collision and also on the day in question, all mechanically and/or electronically produced records by any on-board recording device of the subject vehicle (the vehicle KEVIN FAVANT was driving on date of collision)  to include but not be limited to:

      a.      Tachograph;

      b.      Hubometer;

      c.      Tripmaster™;

      d.      Cadec™;

      e.      QualComm™;

      f.      Tachometer;

      g.      OMNITRACS;

      h.      EATON VORAD collision avoidance system;

      i.      All writings and/or printouts generated by any on-board computer of the truck and/or tractor involved in the accident;

      i.      All writings and/or printouts generated by any on-board recorder or other type of data recorder on the truck/tractor and/or trailer involved in the accident; and

      j.      All writings and/or printouts generated by any black box on the truck and/or tractor involved in the accident

      k.      or any similar devices (if your vehicles are so equipped), on the subject vehicle at the time of and immediately after the accident.

**RESPONSE:**

**REQUEST NO. 9:**

Any records of the weighing of the vehicle (truck/tractor and/or trailer) involved in the collision in question pursuant to a bill of lading or any weighing of the vehicle by State or Federal officials pursuant to weight control and enforcement during the six (6) months prior to the collision through one week after the collision.

**RESPONSE:**

**REQUEST NO. 10:**

All driver's files, records, and documents concerning **KEVIN FAVANT's**:

      a.      Driving ability;

      b.      Experience;

      c.      Training;

      d.      Personnel file;

      e.      Driver's qualification file;

      f.      Record of required written test;

      g.      Certifications;

      h.      Certificates of road tests [49 CFR 391.31(e)];

      i.      Medical examiners' certificate;

      j.      Employment applications;

      k.      Background checks;

      l.      Evaluations;

      m.      Periodic reviews;

      n.      Disciplinary actions;

      o.      Driving records;

      p.      Written responses from each state agency contacted with reference to truck driver's driving record;

q.      Records showing when and who reviewed the driver's record with him for each year of employment [49 CFR 391.25];

r.      List of certificates showing all violations of motor vehicle laws and ordinances [49 CFR 391.27];

s.      All writings giving notification to you of the truck driver's warnings, tickets, convictions and/or suspensions for violating a federal, state, and/or local law relating to motor vehicle traffic;

t.      Collisions;

u.      Payroll records;

v.      List of truck driver's previous employers for the 10 years preceding the date of the application;

w.      Reasons for leaving said employments;

x.      Written records with respect to each past employer who was contacted about the truck driver's qualifications;

y.      Copy of Commercial Driver's License of truck driver; and

z.      Copy of all employee orientation training materials

. . . during his employment with you or during the period of time he was being considered for employment. This is to include employment applications in your possession that relate to another employer other than you. This request is to include but not be limited to all files and records that are required pursuant to the Commercial Driver's License Standards (49 CFR § 383) and Federal Motor Carrier Safety Regulations  (49 CFR §§ 382 and 391). Employers are required to keep the driver's file at their principal place of business as long as the driver is employed and for 3 years thereafter.

**RESPONSE:**

**REQUEST NO. 11:**

As to your policies and programs in place on the date of the collision in question, produce the following documents and items:

a.      Driver standards;

b.      Mechanic standards;

c.      Dispatcher standards;

d.      Driver compensation;

e.      Firing drivers;

f.      Truck/tractor and/or trailer maintenance standards, including the standards for the parts used to maintain and repair equipment;

g.      Hiring policies and procedures;

h.      Fleet Safety Program including:

i.      studies and tests to determine the safety of the single, double, or triple trailer configurations used by the defendant motor carrier;

j.      actions taken to assure that drivers are not violating the federal regulations relating to the maximum hours of work by drivers;

k.      that accurate logs are submitted by the drivers and accepted by the defendant motor carrier for filing;

l.      continued testing of driver for competency and substance abuse: and

m.      Accident review procedures or rules adopted by the company to determine whether any accident is chargeable or non-chargeable, preventable or non-preventable.

**RESPONSE:**


**REQUEST NO. 12:**

With regard to the truck/tractor and/or trailer involved in the collision in question, produce the following documents and other items for a period of six (6) months prior to the collision through one week after the collision, unless indicated otherwise, regarding bills of lading, dispatch documents/records, and any other documents indicating:

a.      The materials that were being shipped during the trip involving the collision of January 28, 2019;

b.      The location that KEVIN FAVANT was to pick up and/or deliver materials on such trip; and

c.      Where KEVIN FAVANT was to be at any designated time during such trip.

**RESPONSE:**

**REQUEST NO. 13:**

With regard to **KEVIN FAVANT's** involvement in the collision in question, produce the following documents and other items for a period of six (6) months prior to the accident through one week after the accident, unless indicated otherwise, regarding all records and documents pertaining to:

      a.      Record of all motor vehicles accidents while working for or with you;

      b.      Dispatch logs;

      c.      Driver call-in logs;

      d.      Telephone records of driver; and

      e.      Log books for the driver and second driver, if any.

**RESPONSE:**

**REQUEST NO. 14:**

All daily logs maintained pursuant to 49 CFR § 395 of the Federal Motor Carrier Safety Regulations and supporting documents (49 CFR § 395.8(k)) for KEVIN FAVANT for the period of six (6) months prior to the collision through one week after the collision. (This includes the back of any documents, as well).

**RESPONSE:**

**REQUEST NO. 15:**

With regard to the truck/tractor and/or trailer involved in the accident in question, produce the following documents and other items for a period of six (6) months prior to the accident in question through one week after the accident in question:

      a.      Bills of lading;

      b.      Carrier pros;

      c.      Freight bills;

      d.      Gate record receipts;

e.      Weight/scale tickets;

f.      Fuel receipts;

g.      Fuel billing statements;

h.      Fuel tax records;

i.      Toll receipts;

j.      International registration plan receipts;

k.      International fuel tax agreement receipts;

l.      Trip permits;

m.      Trip summaries;

n.      Mobile radio records;

o.      Port of entry receipts;

p.      Payroll records;

q.      Cash advance receipts;

r.      Delivery receipts;

s.      Delivery manifests;

t.      Lumper receipts;

u.      Interchange and inspection reports;

v.      Lessor settlement sheets;

w.      Over/short and damage reports;

x.      Agricultural inspection reports;

y.      Telephone billing statements;

z.      Credit card receipts;

aa.     Driver fax reports;

bb.     Border Crossing Reports;

cc.     State entry and departure records;

dd.     Custom Declarations;

ee.     Overweight/oversize reports and citations;

ff.     Trip reports;

gg.     Expense sheets;

hh.     Lodging receipts for the trip;

ii.     Check point records;

jj.     Gross receipts tax records;

kk.     Federal use tax records;

ll.     State permits;

mm.     All pro-rate records;

nn.     All wrecker or tow truck records;

oo.     All pick-up and delivery records;

pp.     All manifests and waybills;

qq.     Writings relating to disciplinary actions taken against the truck/tractor and/or trailer for any reason;

rr.     Purchase order and specifications for the truck/tractor and/or trailer;

ss.     Odometer and /or hub odometer readings; and

tt.     Truck/tractor and/or trailer licenses

or other documents directly related to the truck/tractor and/or trailer involved in the collision made the basis of this case and/or related to KEVIN FAVANT, which are retained by you in connection with the operation of its transportation business for the period including the six months prior to the date of the collision in question and including the date of the collision in question (This includes the back of any documents, as well).

**RESPONSE:**

**REQUEST NO. 16:**

Any and all documents that reflect, describe, or in any way memorialize KEVIN FAVANT's hours of service, travel distances, and load and shipping requirements.

**RESPONSE:**

**REQUEST NO. 17:**

Any and all maintenance and inspection documents, <u>including but not limited to:</u>

      a.      Receipts;

      b.      Reports;

      c.      Logs;

      d.      Bills;

      e.      Accounts;

      f.      Ledgers;

      g.      Repair orders and/or invoices; and

      h.      Routine maintenance records

. . . that reflect, describe, or in any way memorialize the maintenance and inspections of the truck/tractor and/or trailer involved in this accident and its component parts and equipment for one year preceding and including January 28, 2019.

**RESPONSE:**

**REQUEST NO. 18:**

All daily inspection reports regarding KEVIN FAVANT pursuant to 49 CFR §§ 396.11 and 396.13 for the period beginning one year before the collision in question and including the date of the collision in question.

**RESPONSE:**

**REQUEST NO. 19:**

Any and all records produced or received pursuant to inspections by State or Federal officials regarding KEVIN FAVANT or the truck/tractor and/or trailer involved in the collision made the basis of this lawsuit for the year prior to the date of the collision and including the date of the collision in question, to include "Driver/Vehicle Inspection Reports" and/or "Out of Service" reports produced under the Motor Carrier Safety Assistance Program (MCSAP) or any related inspection program.

**RESPONSE:**

**REQUEST NO. 20:**

A copy of the accident register documents and reports filed pursuant to 49 CFR § 390.15 of the Federal Motor Carrier Safety Regulations regarding the collision that made the basis of this lawsuit, or any other collisions in which KEVIN FAVANT was involved while employed by you. This is to include any notes, records, or statements produced to facilitate completion of the accident register.

**RESPONSE:**

**REQUEST NO. 21:**

Copies of any documents and materials provided to you by the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County, or Municipal entity regarding any investigation of any injury and/or property damage accidents concerning you, or any of your employees for the last five years.

**RESPONSE:**

**REQUEST NO. 22:**

Copies of all of your:

    a.    Safety rules;

    b.    Safety bulletins;

    c.    Training manuals;

    d.       Policy manuals; and

    e.       Other written documents

. . . that set forth your policies or procedures relating to the operation of trucks/tractors and/or trailers by your drivers that were in effect on the date of the collision in question. This request is to include policies or procedures relating to the operation of its trucks/tractors and/or trailers and compliance with Federal Motor Carrier Safety Regulations.

**RESPONSE:**


**REQUEST NO. 23:**

A copy of all records, documents, and compensation statements produced by you for KEVIN FAVANT for the one year time period before the collision in question and including the date of the collision in question.

**RESPONSE:**


**REQUEST NO. 24:**

A copy of any contract of employment, all rental contracts involving the truck/tractor and/or trailer, and all lease and trip contracts between you and the owner and/or operator of the truck/tractor and/or trailer that would govern any relationship with KEVIN FAVANT or bear on the issue of his scope of employment with your company.

**RESPONSE:**

**REQUEST NO. 25:**

Produce the following regarding all alcohol and drug related documents and items pertaining to:

    a. All writings containing the results of any drug or alcohol test that was administered to KEVIN FAVANT after the collision;

    b. All records of driver alcohol tests with a confirmed reading of 0.02 percent or greater, tests, instruments calibration documentation, driver evaluation by a substance abuse professional, and calendar year summaries for the last five years;

    c. All records related to the alcohol and drug testing collection processes and records of training for the last two years;

d. All copies of alcohol test forms, controlled substance chain of custody forms, documents related to the refusal of any driver to submit to testing, documents supplied by the driver to dispute test results, and signed acknowledgments of required training documents;

e. Copies of education materials explaining drug and alcohol testing regulations submitted to drivers;

f. Copies of your own policies and procedures relating to alcohol and drug testing; and

g. Copies of KEVIN FAVANT signed receipts for the above materials.

**RESPONSE:**

**REQUEST NO. 25**

Pursuant to Rule 203.3(c), please produce all documents that you have obtained by deposition on written question

**RESPONSE:**

**REQUEST NO. 26**

Please produce any damage appraisal made of the Plaintiff's vehicle and of the vehicle that KEVIN FAVANT was driving at the time of the incident in question as well as all repair bills and invoices.

**RESPONSE:**

**REQUEST NO. 27**

Please produce all surveillance files, whether videotaped or still photographs, including all surveillance records, memoranda and correspondence relating to the surveillance of the plaintiff.

You are instructed to produce either the original responsive items or identical copies of the original items in the same format as the original. (e.g. if the photographs are in color, then color prints are to be produced; if the original photographs are in a digital format, then a digital copy of the photographs shall be produced.)

Producing black and white photocopies of color original photographs is an unacceptable response.

**RESPONSE:**

**REQUEST NO. 28**

If in your answers to interrogatories you have responded by making a statement that directs or refers Plaintiff to a specific document or tangible item, please produce a copy of each such document or tangible item to which you have so directed or referred Plaintiff that is in your possession, custody or control.  In other words, if you referred to it in one of your interrogatory answers, please produce it here.

**RESPONSE:**

**REQUEST NO. 29.**

Please produce all documents prepared by any consulting expert in this case that has been made available to a testifying expert to review.

**RESPONSE:**

**REQUEST NO. 30.**

Please produce the curriculum vitae and/or resume for each consulting expert in that you have retained who may provide information for review by a testifying expert.

**RESPONSE:**